The next case today is Felix Albert Lebron-Yero v. Filiberto Lebron-Rodriguez et al, appeal number 20-1443. Attorney Efron, please introduce yourself on the record and proceed with your argument. Yes, your honors, I'm David Efron. May it please the court, if the court will allow, I would like to reserve four minutes for rebuttal. So you have six minutes to open. That should be enough, your honor. All right. This case is about appellant siblings defrauding their older half-brother from their father's fortune. This is not an inheritance case. It does not fall within the probate exception. Almost three years now after the death of their father, the defendants have yet to file an inheritance proceeding in the local state courts and continue to leave their older half-brother without any benefit or resources from his father's fortune, which he had access to and he had benefits from before their father's death. Mr. Efron, are you unable to file something in state court? I guess we could file something in state court, but in this case, federal jurisdiction is appropriate. Our client lives stateside, so we had diversity jurisdiction. And if what you mean is the same action, we could have filed it in state court. If what you mean is a probate proceeding, it's really we have no information, as the other half-siblings do, to be able to file that and file the tax returns that have to be filed of the father's estate, that kind of thing we are not able to do. We are able to do only what we're doing in the federal court. Could we have filed this in state court? Yes. But we have federal jurisdiction because of diversity, your honor. May I continue? I guess I'm trying to figure out, I mean, so there's no proceeding in the Puerto Rico probate court where you can bring a challenge that the assets of the estate are being dissipated? It would be, well, I am not, we are not, our client is not in a position to actually file the probate proceedings, which is what you're referring to. It would be, again, a similar action. But he can't file something demanding an accounting since he was an heir under the will. I'm not certain. I'm not certain. I don't think we have the information from the estate to do that, which is why we filed this action in federal court. I guess the question is, whatever information you have now is enough for you to try and seek the accounting through this action, right? Aren't you trying to seek an accounting or not? Well, we're trying to get restitution from the father's estate from the assets that were taken. Won't that require an accounting? And the way I see the accounting, the way I would see the accounting would be somewhat different. And accounting would be more of a different thing. We have to get the restitution first. Well, you requested an accounting in your complaint, in your federal complaint. Yes. Okay. I guess what I'm saying is, given that, is there no way for you to seek that from the probate court? We could file it, well, either from the probate. I don't know if you want to call it. In Puerto Rico, there's no such thing as a separate probate court. It's a superior state court. Whether the action would be entitled civil action and request exactly what we're requesting in front of the U.S. District Court, or would we call it a probate proceeding, it would still fall in front of the same civil court in the state system. I guess the question is, if that's true, doesn't that suggest why the probate exception might apply to this claim? Exactly. Well, because there's no inheritance case filed. We are not trying to take any jurisdiction away from any probate court. There's nothing, and we are not asking that the court do so. Because you are, in essence, indirectly contesting the provisions of the will. We are not, Your Honor. To the contrary, we agree with the will. Doesn't the will say that these loans would be forgiven if either one of them dies? No, Your Honor. And you're contesting that? No, Your Honor. I know where you read that. That is in the $59 million transaction that we make reference to in the complaint. That's where there's language that the loans would be forgiven if the father predeceases their repayment of the loan. That's where you saw it. The will is perfectly fine. Our client is... Are you contesting that forgiveness? We're contesting the way that after they received the property, they never paid. They were supposed to pay interest. They never paid interest. They never paid principal, which, of course, as Your Honor says, they understand that it would be forgiven. That would be another situation. That's something else that would have to be examined. But again, this is about restituting to the father's estate a non-probated matter and nothing else. We don't have a problem with the will at all. We're not contesting it, and we won't contest it because our client appeared as a beneficiary at almost the same distribution as his younger siblings. I think that by making the court believe there is or there should be a pending inheritance probate action, it misled the court into going into... But you're complaining. You're not saying that you're unhappy with the share that was given you. You're unhappy with the amount that is purportedly in the estate. Your Honor, the thing is, if they don't move forward with the probate, the estate will never be distributed, and in the meantime, they're ransacking the estate. That's why I started with, can't you file something demanding an accounting in the probate division of the Superior Court? Well, there's no such thing in the system in Puerto Rico. It's only a state court level, which would be the equivalent of the district court level in federal court, which is why, because of diversity, we filed it. I see what Your Honor is thinking, and you're absolutely correct. The way you framed the action to us, we'd have to make a judgment about what's in the estate, right? Not in a probate estate, but rather in the father's continuing unprobated estate. Well, doesn't that require us to decide which is in which? I beg your pardon? Doesn't that require the federal court to decide which is in which, which is a contested point? Only as to the assets that were fraudulently taken out of the father's non-probated estate. Nothing to do with probate at this point. Well, maybe I'm misunderstanding something. I thought the reason you're seeking the accounting is to first get straight what's in what. Is that wrong? The reason for the accounting is primarily to bring back into the estate the assets that were improperly and fraudulently taken out by the half-siblings, to restitute the estate, to reinstate the assets that were taken back into the estate, which should be what is done before goes into probate anyway. Well, aren't you talking about the stocks? The loan? The purchase of the securities? Yes, the $59 million transaction before the father's death. Yes. So, he has a provision that says if he dies, it's forgiven. Well, but, you know, we would then have to have an accounting, like Judge Barron says, of what was given to each one of the other heirs, because under Puerto Rico law, we need to then... That's right, but that's the problem, isn't it? That's why the probate exception applies, because you need to do that as a precondition for your suit in federal court succeeding. But it's not a probate case, at least not at this point. It's not a probate case. We're not asking for any probate action. But what I'm saying, you're asking us to do something that a probate court or its equivalent could do. You can't avoid the probate exception just by not seeking it from that court. I thought the probate exception applies even if there's no action, but it should have been brought there. Is that wrong? I think the probate exception applies when there's a probate action filed or in other situations when what we're asking from the court is that they make a determination as a probate distribution. We're not doing that. All we're asking to do is to bring back the assets that were taken into the estate. Mr. Efron, you have used up your time. Do you want to cede back your rebuttal time to proceed now? I'll do it. I'll save my time for rebuttal, Your Honor. All right. Thank you. Attorney Efron, if you could please mute your device at this time. And Attorney Camara, you can reintroduce yourself on the record when the judge is ready. Yes. Good morning, Your Honor. I may please the court. My name is Roberto Camara. On behalf of Code Defendant Apeliz, Filiberto, Maria Elena, Annie Cruz, all named Lebron Rodriguez. Now, contrary to plaintiff's statements here at this oral argument and in his papers, the allegations in Counts 1, 2, and 3 of his complaint seek to annul the decedent's last will and testament. These causes of action strive to invalidate express provisions containing the decedent's will and are undeniably of a probate nature. The prohibition on handling such probate functions survived even the strict delimitation of the confines of the probate exception discussed in Marshall v. Marshall. There, the Supreme Court reiterated that the probate exception still reserved to state probate courts, the probate or annulment of will and its administration. Therefore, Mr. Lebron-Guerra cannot prevail in any of these three causes of action without first abrogating one or several provisions of his father's will or asking the federal court to administer the estate. Such abrogation or administration is something Mr. Lebron-Guerra cannot do in federal court regardless of diversity of citizenship. Now, with regards to Count 4, the scant and threadbare assertions of fraud, torturous interference, or the mention of justice on just enrichment cannot serve to rescue Mr. Lebron's claim. The plaintiff simply did not proffer sufficient facts to sustain the purported tort or fraud claims, and the district court careful dismissal should be affirmed as well. Now, the background of the case, Your Honors, is fairly straightforward. Felix Alberto Lebron-Saldana passed away on May 27, 2018, and he left behind four children and his spouse of more than four years. Before he passed, Mr. Lebron-Saldana left a set of detailed and well-thought-out instructions on how to handle the assets of his estate. The execution of these instructions was left in the hands of the decedent's widow, the Codefendant Apeliana Maria Rodriguez. Mrs. Rodriguez was provided a four-year term, in addition to the one-year term already provided by law, to carry out her duties. Is she competent? She is, Your Honor. There are allegations to the contrary in the record, but she was served personally, and not as the plaintiff suggests, but even if she weren't, that too would be something for the probate court to address her competency or lack thereof. Counsel, can I just ask you a question about Puerto Rico procedure? Is there anything that prevents someone who might be disputing a will to force the opening of an estate in state court? No, Your Honor, and that goes right to the crux of Judge Thompson's question. Mr. Lebron-Saldana could file his claims in state court, as do a number of other persons similarly situated. There is no bar, none whatsoever, in either commonwealth law or procedure for the plaintiff to file these claims challenging... Okay, that wasn't exactly my question. My question was, whether there's a process in Puerto Rico by which someone who might be claiming under a will can force the opening of an estate in state court? Well, yeah. Or request an accounting of some sort. He can do either of those things at the commonwealth court.  I do. Is it regulated by Puerto Rico code? It's regulated by the Code of Inquisimiento Civil, and it's in Title 32. I will search for the authority and provide it to the court. That's all right. You've given me enough of a clue. Yeah, it's not in the rules of civil procedure per se. It's the old rules of civil procedure, which are also in Title 32, and it's the Code of Inquisimiento Civil, and it handles this as well. Can I get a 28-J or something? Counsel? Yes. Counsel, after argument, would you be willing to file a Rule 28-J letter with us pointing out those provisions? Surely, Your Honor. But again, the issue here would be that the plaintiff sort of boxed himself to four causes of actions, three of which require invariably to assail specific provisions of a will. And he would need to invalidate this will in state court by seeking an accounting, which he cannot do, by seeking to transfer or request the assets that were allegedly distributed to the heirs, which, by the way, the will specifically addresses. So we have to invalidate the provision of the will of collating any gifts or transfers or awards before the passing of Mr. Lebron Saldana. So in that regard, the second cause of action is equally problematic for the plaintiff because the return of property he so forcefully seeks is addressed in the will itself. And I think this addresses Judge Thomson's question regarding the actual transaction. Even if there were any transfers from the estate to the appellees, such transfers would be considered as an improvement in the position of the heirs in this estate. And I guess it goes to the ultimate question here, and that is the plaintiff is not seeking to find additional funds to inject into this estate. Rather, he's asking this court to divvy up the estate and decide what goes to whom. Judge Barron? I guess I'm just missing something fundamental about what this dispute is. The way your opponent is characterizing it is they don't want to touch anything other than the things that are outside the estate. Is that right? Not technically, Your Honor, because what he's seeking is whatever is allegedly in the pockets of the other co-heirs, he wants to technically bring to the estate and then redistribute. But the point here is that the will addresses that. I'm just trying to relate this to the seeking of the accounting point. In other words, if you were both in agreement that what he's seeking would not require invalidation of the will, then I take it you're saying the probate exception would not be a part of his claim, correct? If he weren't seeking to, no, because the administration of the will itself, it is within the purview of the state court. And that is something that would be germane to the executor and administrator, Mrs. Rodriguez de Lebron. So in order to perform that, you would have to substitute and eliminate her, which is a direct provision, again, of the will. And the will does provide for substitution of Ms. Rodriguez de Lebron. And the substitution of Ms. Rodriguez de Lebron is, in fact, the co-heirs, my clients. So the will does provide for this. And the plaintiff appellant would have to wishes is to administer the state in federal court. I don't know if that addressed your question, Judge Barron. I don't know of it either. So his allegation is that they defrauded their father. Well, it's not quite that, Your Honor, because there aren't any such allegations. They sort of defrauded, I believe what you're suggesting is that they defrauded him. But there is no reliance. There is nothing in this record or in the pleadings that would suggest that there was actually any defrauding. He does suggest that there is sort of a torturous interference with the expectancy of the inheritance. But those are buzzwords from Marshall that would help his case stay in federal court, perhaps. But that's not the case either, because, again, all the three and the district court was recognized that there isn't a pending case at the state court. So that portion of the bar to the probate exception did not apply. So we had to concentrate on the two part test on whether administration or the actual probating of the will was an issue. And the district court concluded that it was. I mean, the three, the accounting, the design, sorry, the designation of a trustee, which is count three, and of course, count two, which is, you know, is seeking to return allegedly transferred monies from the heirs to the estate, which is count two. And again, that is within the specific purview of the will. And the will specifically says, and this is in the appendix translated in the appendix, will specifically says that any improvement between the co-heirs would entail a reduction from the remaining court. And of course, you know, any according to Puerto Rico law, if it assails on the strict third of the inheritance or the sixth in this case, then that would be a different issue because Puerto Rico mandates a specific division of portions. But in this case is even, isn't even about that. Does the court have additional questions of Mr. Camara? All right, we'll hear from Mr. Aviles then. Thank you, Mr. Camara. If you would mute your audio and video. Thank you, Your Honor. Hi, Your Honors. This is attorney Aviles Aponte. Again, on behalf of Ms. Ana Maria Rodriguez the co-appellee and co-defendant. Your Honor, I would like to begin with the last part. First of all, I adopted by reference the argumentation made by attorney Camara as it applies to my client. But I would like to address the last part and one question that Judge Thompson asked and Judge Barron. And the fact is that plaintiff really is contesting the will because as attorney Camara mentions, the will does say that the heirs will not have to collate. They will not have to bring back whatever was given in life. And the complaint is specifically asking for that collate. These specifically asking to bring back what was allegedly given in life. So that part of the will is being challenged as well as the part with regards to the to the case to keep in mind the timeline. The decedent died on May 27, 2018. The complaint was filed just barely a little more than three months after on September 7, 2018. So the plaintiff tries to say that the exception, the probate exception does not apply because no probate procedure was begun. But only there are only been three months. If that were the test, then what any plaintiff would do would be to file the complaint the next day after the death and no probate procedure would have started. So then the probate exception would not apply. That obviously is not the case. It is also important that in the brief and the complaint and here in the in the argumentation, plaintiff keeps mentioning that the half-siblings dissipated or the half-siblings fraudulently took some property. In none of that is Ana Maria Rodriguez de Lebron mentioned. She's not a half-sibling. She's not a son or a daughter of the decedent. So not only is, as we've discussed, an insufficiency of allegations with regard to fraud and torturous interference, but with regards to Ana Maria Rodriguez de Lebron, there's an absence of allegations or claims with regards to those causes of action. For example, count two. It's not only on the probate exception, but it also asks for collate of bringing back assets that does not include Ana Maria Rodriguez de Lebron. So that count does not raise a claim against Ana Maria Rodriguez de Lebron. So there's an absence of raising claims against her which go in favor of the dismissal. And there's no doubt that this honorable court would have to make a judgment regarding the estate if they were to accept a plaintiff's claim, which is precisely what the probate exception rules against. If there were a claim that the decedent had been defrauded of property prior to death, and assuming the plaintiff has standing to bring a claim against the person who supposedly defrauded the decedent, could the plaintiff not seek recovery to the decedent's estate outside of the probate proceeding in a case like that? But I don't see how we'll be able to do it without rebuilding the estate, without doing how can we make that claim that the person was defrauded without seeing what the estate is, or what is still in the estate to see what was allegedly taken from the estate. I don't see how those two things can be separated. I think that the premise of the question would be that the funds were taken from the decedent before he died, so they weren't in the estate yet. The problem with that would be that, first of all, I don't think that is argued in the complaint. Right, I'm just asking the question. Second of all, even if it was, we must see that the document that after the complaint, the plaintiff alleges that allegedly the heirs took property from the estate or from the decedent, is a contract written and signed by the decedent. So it is him doing the business. It is he who is selling those stocks to the heirs. So it is not something that is being done, if it was done allegedly behind, to defraud the decedent, because it is his will that what he is doing. He is doing the contract. He is doing something that he did after the will, and he is the one signing those documents. Are there other questions from the court? Thank you. Mr. Aviles, thank you. Mr. Efron, you've reserved four minutes. Yes, thank you, Your Honor. Three quick points. Number one, everyone seems to be sort of ignoring our cause of action number four, which in Marshall, it specifically states that plaintiff's request for emotional and economic damages arising out of defendant's alleged negligent handling of the estate is not necessarily prohibited by the probate exception. In Marshall, that plaintiff sought an impersonum judgment against the defendant, not the probate or annulment of a will. That's exactly the situation here. Secondly, we never asked for an accounting. What we were asking for really is that a receiver be appointed. Just going back, you're not bringing a claim for damages based on emotional distress from the negligent handling of the probate for the estate, are you? In our complaint, our fourth claim specifically talks about a non-probate claim, which the court denied as not being sufficient. In any event, even if the probate exception were to apply, it would dispose of the first three actions, but not the fourth one. I'm going to not say the probate exception applied to the fourth claim. I couldn't hear you. I'm sorry. The district court did not apply the probate exception to the fourth claim you brought? Correct. Only as to the first three, and the first four, although we understood we had a claim, the court dismissed that one as well in order to get rid of the whole case and shelve the whole case. The facts that we alleged there were sufficient to have a plausible claim against the defendants. We identified enough actions in order to get to that. When we asked for a receiver, and if we go to Federal Rules of Procedure 66 and the case law, much of which is Supreme Court case law, it tells us that the appropriateness of appointing a receiver includes, and each one of these areas have specific U.S. Supreme Court cases, fraudulent conduct on the part of the defendant. Counsel, you asked for a receiver to administer and take possession of the decedent's assets and the estate. Yes, Your Honor. As the Supreme Court said, there was imminent danger that property would be lost or squandered, which is what was happening here. The inadequacy of other available legal remedies and the probability that the harm to the plaintiff by denying that would be greater than the injury in appointing the receiver. I agree also with my opponent, Mr. Kamara, very candidly stated that collating may still apply. What does that mean? It means that just because that contract gave the other heirs certain benefits, that does not mean that it goes without being collated. For example, if the one-third of the free disposition of the estate is less than the $59 million that were squandered, and assuming there are not any other indications of that because we were not allowed discovery in this case, but assuming that that's the situation, then the amounts that were taken, assuming the estate is large enough, those numbers would go back and would be collated and then distributed to the other half-siblings that were to benefit from that. Thank you, Mr. Efron. Let me just ask if the court has additional questions. No. All right. We'll take the case on submission at this point. Thank you. Thank you both. Thank you, Your Honors. That concludes argument in this case. Attorney Efron, Attorney Kamara, and Attorney Aviles, you should disconnect from the hearing at this time.